NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD BROOKS GAMEZ, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> STATE OF NEW YORK, : <br> FLORIDA, and PENN, : <br> : <br> Defendants. : | Civil No.: 08-448 (JLL) <br><br> **O P I N I O N** |

**LINARES, District Judge.**

This matter comes before the Court upon Richard Brooks Gamez's ("Plaintiff" or "Gamez") Complaint and Application to Proceed In Forma Pauperis under 28 U.S.C. § 1915(a). The Court, upon review of Plaintiff's application to proceed in forma pauperis, finds the Plaintiff indigent and grants in forma pauperis statu. 28 U.S.C. § 1915(a). Having reviewed the Plaintiff's Complaint, however, in an attempt to find a cognizable claim pursuant to 28 U.S.C. § 1915(e)(2), the Court concludes that Plaintiff's claims should be dismissed in part as frivolous and in part as lacking subject matter jurisdiction.

## BACKGROUND

Plaintiff, a New York resident, filed a Complaint in this Court on January 23, 2008, which included an application to proceed in forma pauperis. (Compl. at 2.) Plaintiff's Complaint states that he seeks redress for violations of his Constitutional rights against the states of New York, Florida, and "Penn" (assumed to be the Commonwealth of Pennsylvania).

The factual basis of Gamez's Complaint subsists of numerous allegations of Defendants New York, Florida, and Pennsylvania ("Defendants" or "States") utilizing police, private citizen, and Ku Klux Klan conspiracies to keep him from playing a piano, scaring him by driving quickly, selectively arresting him and then illegally searching his records, poisoning him with hot chocolate, interfering in his bookselling activities, intimidating him via a Kinko's employee and customers, offering him pizza with garlic on it, threatening him with a feigned punch, requesting that he purchase drugs, and rifling through photographs that Gamez had developed at a drug store.  (Id. at 2-9.)  Gamez seeks monetary relief against the States in this action under 42 U.S.C. §§ 1983 and 1985.  (Id.)

## DISCUSSION

### A. Standard of Review

In order for a plaintiff to proceed in forma pauperis before this Court, 28 U.S.C. § 1915 requires not only that the Court evaluates the indigence of the individual plaintiff, but that it also assesses the claims presented and dismiss them if they are frivolous or malicious, fail to state a cognizable claim, or seek monetary damages from a defendant entitled to immunity.  28 U.S.C. § 1915(e)(2)(B).

The Court construes pro se complaints liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  In determining the sufficiency of a complaint, the Court must accept a plaintiff's allegations as true and examine the matter in the light most favorable to the plaintiff.  Ballentine v. United States, 486 F.3d 806, 810 (3d Cir. 2007).  The Court need not, however, accept legal conclusions couched as statements of fact, unsupported conclusions, or unwarranted references.  Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007).

Complaints are frivolous when relying on meritless legal theories or alleging clearly baseless facts. Denton v. Hernandez, 504 U.S. 25, 33-34 (1992); Nietzke v. Williams, 490 U.S. 319, 327 (1989); Deutsch v. United States, 67 F.3d 1080, 1087 (3d Cir. 1995). Determining whether a complaint is frivolous is an objective analysis. Deutsch, 67 F.3d at 1087. If it is proper for this Court to dismiss a complaint, the Court must grant leave to amend if an amendment could remedy the complaint. Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996). In addition, this Court has an independent duty to address any issue of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). If the Court lacks subject matter jurisdiction, it must dismiss the case.

**B. Analysis**

Plaintiff submitted his completed application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Upon examination of the application, the Court finds that Plaintiff qualifies for non-prisoner in forma pauperis status under the statute and hereby grants Plaintiff's application.

A state is entitled to sovereign immunity when it is the "real, substantial party in interest." Antonelli v. New Jersey, 310 F. Supp 2d 700, 712 (D.N.J. Mar. 31, 2004) aff'd, 419 F.3d 267 (3d Cir. 2005). Here, New York, Florida, and Pennsylvania are the real parties in interest: Gamez named them as defendants and seeks monetary relief which would come directly from the States' respective treasuries. Christy v. Pennsylvania Tpk. Comm'n, 54 F.3d 1140, 1144 (3d Cir. 1995) ("In general, a claim of Eleventh Amendment immunity will occasion serious dispute only where a relatively complex institutional arrangement makes it unclear whether a given entity ought to be treated as an arm of the state."). While there is an exception to sovereign immunity for § 1983 suits under Ex parte Young, 209 U.S. 123 (1908), Gamez does not request prospective injunctive relief against a state official nor does his complaint contain facts indicating that such relief would

be available, nor does his Complaint appear to address claims to which the States have waived sovereign immunity. Gamez's suit, therefore, must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii) for seeking relief against entities which are immune from the relief sought.

## CONCLUSION

For the reasons set forth in this Opinion, Plaintiff's application for in forma pauperis status is granted, and Plaintiff's Complaint is dismissed.

                                                  /s/  Jose L. Linares  
                                           United States District Judge

DATED: June 20, 2008